UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISHAN CHAND, | CASE NO. CV F 13-2008 LJO JLT |
| Plaintiff, | **ORDER ON DEFENDANT'S F.R.Civ.P 12 MOTION** |
| vs. | (Doc. 14.) |
| BURLINGTON COAT FACTORY OF CALIFORNIA, LLC, | |
| Defendant. | |
| _____/ | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court must best manage its voluminous caseload without incurring needless delay and misuse of its limited resources. As such, this Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Dianne Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to one of the Court's U.S. Magistrate Judges to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge

Lawrence J. O'Neill who must prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

## INTRODUCTION

Defendant Burlington Coat Factory of California, LLC ("BCF") seeks to dismiss plaintiff Kishan Chand's ("Mr. Chand's") unpaid wage and related claims as lacking sufficient factual allegations. BCF further seeks to strike from Mr. Chand's operative Third Amended Complaint ("TAC") references to numerous California Labor Code sections purportedly violated by BCF. Although Mr. Chand argues that the TAC provides BCF fair notice of the TAC's claims, Mr. Chand offers a proposed Fourth Amended Complaint ("proposed FAC") to address BCF's challenges. This Court considered BCF's F.R.Civ.P. 12(b)(6) motion to dismiss and F.R.Civ.P. 12(f) motion to strike on the record and VACATES the February 27, 2014 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES without prejudice the unpaid wage and related claims subject to BCF's challenges and PERMITS Mr. Chand to file the proposed FAC, subject to matters stricken by this order.

///
///
///
///

# DISCUSSION[1]

## **Termination Of Mr. Chand's BCF Employment**

BCF is a nationwide clothing retailer and employed Mr. Chand as a store manager for its Bakersfield store. As of April 29, 2012, Mr. Chand's annual salary was $75,875.10, or approximately $36.4784 per hour.

On June 4, 2012, a BCF physician imposed on Mr. Chand restrictions, including limits on pushing, pulling and lifting, and which required reasonable accommodation. Mr. Chand requested these reasonable accommodations from BCF and was subjected to retaliation with denial of accommodations and mocking comments about his disability.

On July 13, 2012, Mr. Chand received his earnings statement for the June 24, 2012 to July 7, 2012 work period. His paycheck reflected an $18,2392 hourly rate, or $37,937.55 per year, and failed to pay him half of his due wages.

On July 13, 2012, Mr. Chand left a voicemail with BCF Region Director Sandy Kerrigan ("Ms. Kerrigan") that he had been underpaid by 50 percent. On July 14, 2012, Ms. Kerrigan telephoned Mr. Chand to terminate his BCF employment. On July 16, 2012, Mr. Chand was given a "Performance and Discipline Counseling Record" to accuse him falsely of inappropriate conduct, favoritism, and failure to demonstrate BCF core values in behavior and leadership.

## **Mr. Chand's Claims**

The TAC alleges that BCF did not pay Mr. Chand "full wages owed to him for the time period from June 24, 2012 to July 14, 2012." The TAC further alleges that Mr. Chand "was not paid wages according to California law for hours that he was required to work including . . . hours devoted to":

1. Training;
2. Work before and after he was required to clock in and out;
3. Work during his statutory lunch or rest periods;

---

[1] The factual recitation is derived generally from the TAC.

4.⠀⠀⠀⠀⠀Work after which BCF clocked out Mr. Chand while Mr. Chand continued to work;

5.⠀⠀⠀⠀⠀Meetings before the hour Mr. Chand was allowed to clock in;

6.⠀⠀⠀⠀⠀Time to complete paperwork when Mr. Chand was precluded to clock in; and

7.⠀⠀⠀⠀⠀Work comprising more than eight hours per day, more than 12 hours per day, and more than 40 hours per week.

The TAC alleges unpaid wage and hour claims, which will be addressed below, along with wrongful discrimination and termination claims which are not subject to BCF's F.R.Civ.P. 12 motion.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

BCF challenges several of the TAC's initial claims as insufficiently pled.

A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been

4

alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in

5

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to BCF's challenges to the TAC.

### Failure To Pay Overtime Wages

The TAC's (first) failure to pay overtime wages claim alleges that BCF required and/or permitted Mr. Chand to work more than eight hours a day and 40 hours a week and refused to pay him "the overtime wages he was entitled to pursuant to Labor Code § 510." The overtime claim further alleges that BCF required and/or permitted Mr. Chand to work more than 12 hours a day "without payment of double time wages he was entitled to pursuant to Labor Code § 510."

BCF argues that the TAC lacks "specifics" for an overtime claim given the absence of facts that Mr. Chand is entitled to overtime as a non-exempt employee. BCF points to the TAC's acknowledgement that Mr. Chand was a store manage and paid "a salary without payment of overtime . . ." to suggest that Mr. Chand was classified under the executive exemption. BCF points to the absence of facts to dispute Mr. Chand's classification as exempt from overtime or to demonstrate that he is entitled to overtime. BCF faults the TAC's lack of facts of "how many overtime hours he worked that went unpaid, or that he actually did work any overtime hours at all."

Mr. Chand responds that exemption from overtime is a disputed affirmative defense

6

which is not proper for F.R.Civ.P. 12(b)(6) dismissal. "[E]xemptions are affirmative defenses." *Combs v. Skyriver Commc'n, Inc.*, 159 Cal.App.4th 1242, 1254, 72 Cal.Rptr.3d 171 (2008). Affirmative defenses may not ordinarily be raised on a motion to dismiss unless the affirmative defense raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984). The "assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Ramirez v. Yosemite Water Co., Inc.,* 20 Cal.4th 785, 794-795, 85 Cal.Rptr.2d 844 (1999). Mr. Chand concludes that exemption from overtime is not dispositive at this pleading stage in that the TAC fails to acknowledge his exempt status and BCF lacks evidence subject to judicial notice to establish his exempt status.

As to uncompensated overtime, Mr. Chand argues that the TAC raises inferences that he worked uncompensated overtime given allegations that he was unpaid for training, before and after hours work, work during lunch and rest periods, off-the-clock meetings and paperwork, and working more than eight and 12 hours per day and 40 hours per week.

The state of the record precludes this Court to make a dispositive ruling on the overtime exemption defense given factual issues. That said, the TAC fails to identify precisely Mr. Chand's unpaid overtime work, and he appears to recognized such deficiencies. The TAC's (first) overtime claim requires amendment, and Mr. Chand is prepared to amend it. As such, the TAC's (first) overtime claim is dismissed with leave to amend in conformance with the proposed FAC.

**Meal And Rest Period Violations**

The TAC's (second) meal and rest period violations claim quotes California Labor Code sections and IWC orders regarding required meal and rest periods and accuses BCF of a "systematic business policy and practice to not allow Plaintiff to receive the meal and rest periods required by California law" and "not to compensate Plaintiff with the pay due and owing" as required by California Labor Code sections and IWC orders addressing meal and rest periods.

/ / /

7

"Employers must afford employees uninterrupted half-hour periods in which they are relieved of any duty or employer control and are free to come and go as they please." *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004, 1037, 273 P.3d 513 (2012). "The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks." *Brinker Restaurant,* 53 Cal.4th at 1040, 273 P.3d 513. "The employer satisfies [its] obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." *Brinker Restaurant,* 53 Cal.4th at 1040, 273 P.3d 513.

A presumption arises "that meal periods were not adequately provided, where the employer fails to record any meal periods. Otherwise, employers would have an incentive to ignore their recording duty, leaving employees the difficult task of proving that the employer either failed to advise them of their meal period rights, or unlawfully pressured them to waive those rights." *Ricaldai v. U.S. Investigations Services, LLC,* 878 F.Supp.2d 1038, 1043-1044 (C.D. Cal. 2012). "[W]here the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee." *Cicairos v. Summit Logistics, Inc.,* 133 Cal.App.4th 949, 961, 35 Cal.Rptr.3d 243 (2005) (internal citations and quotations omitted).

BCF faults the absence of a "factual basis" for the meal and rest period claim in that the claim "simply recited" California Labor Code sections and IWC orders and seeks "entitlement to relief." BCF points to absence of facts that Mr. Chand was entitled to multiple meal and rest periods, missed required meal and rest periods, as well as facts as to how or why meal or rest periods were neither provided nor authorized. BCF holds Mr. Chand to allege facts that he worked requisite hours for meal and rest periods and to identify the number of days he was not provided meal and rest periods, his hourly pay rate, and the amount of penalties owed.

Mr. Chand offers nothing to support the TAC's (second) meal and rest period claim. He simply appears to concede its deficiencies and requests to amend the claim. The TAC's

8

(second) meal and rest period claim requires amendment and is dismissed with leave to amend in conformance with the proposed FAC.

**Unfair Business Practices**

The TAC's third claim alleges that BCF violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200, et seq., by "failing to pay Plaintiff employment compensation as required by the California law cited herein" and "by depriving Plaintiff of minimum working condition standards due him under the California Labor Code and Industrial Welfare Commission wage orders."

*Unlawful, Unfair Or Fraudulent Practices*

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale*, 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811 (1979)). "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 448 (1999). The UCL "thus creates an independent action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79. According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins.*, 2 Cal.4th at 383, 6 Cal.Rptr.2d 487.

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a

> plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA [Truth in Lending Act] claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio v. Capital One Bank*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008), *affirmed in part, reversed in part*, 613 F.3d 1195 (2010).

Moreover, "a plaintiff may not bring an action under the unfair competition law if some other statutory provision bars such an action or permits the underlying conduct." *Rothschild v. Tyco Internat. (US), Inc.,* 83 Cal.App.4th 488, 494, 99 Cal.Rptr.2d 721 (2000).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone*, 20 Cal.4th 163,187, 83 Cal.Rptr.2d 548 (1999).  A business practice is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89 (1996) (internal quotations and citations omitted).  The "unfairness" prong of the UCL "does not give the courts a general license to review the fairness of contracts." *Samura v. Kaiser Found. Health Plan*, 17 Cal.App.4th 1284, 1299 & n. 6, 22 Cal.Rptr.2d 20 (1993), *cert. denied,* 511 U.S. 1084, 114 S.Ct. 1835 (1993).

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived," *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167, 93 Cal.Rptr.2d 439 (2000); *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005).  A UCL "plaintiff need not show that he or others

were actually deceived or confused by the conduct or business practice in question." *Schnall*, 78 Cal.App.4th at 1167, 93 Cal.Rptr.2d 439.

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993); *see People v. McKale*, 25 Cal.3d 626, 635, 159 Cal.Rptr. 811 (1979) ("Without supporting facts demonstrating the illegality of a rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer"). Moreover, a UCL claim "cannot be predicated on vicarious liability." *Emery v. Visa Internat. Service Ass'n,* 95 Cal.App.4th 952, 960, 116 Cal.Rptr.2d 25 (2002). "The concept of vicarious liability has no application to actions brought under the unfair business practices act." *People v. Toomey,* 157 Cal.App.3d 1, 14, 203 Cal.Rptr. 642 (1984). "A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500." *Emery,* 95 Cal.App.4th at 960, 116 Cal.Rptr.2d 25 (quoting *Toomey*, 157 Cal.App.3d at 15, 203 Cal.Rptr. 642).

BCF argues that the UCL claim is derivative of (first) overtime and (second) meal and rest period claims and fails with them. BCF faults the complaint's lack of legal violations or unlawful conduct to support a UCL claim. BCF notes that neither the TAC's (fourth and fifth) waiting time penalties nor (sixth) wage statement violation claims support a UCL claim. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1402, 241 P.3d 870 (2010) (waiting time penalties under California Labor Code section 203 "cannot be recovered as restitution under the UCL"); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 619 (N.D. Cal. 2007) ("claims pursuant to Labor Code §§ 203 and 226 (wages statement violations) cannot support a § 17200 claim").

Mr. Chand pursues UCL relief based on unpaid overtime and meal and rest period premiums and appears to concede that UCL relief is unavailable for waiting penalties and wage statement violations. Based on the above authorities, Mr. Chand is limited to UCL relief arising from unpaid overtime and meal and rest period premiums.

/ / /

### *Standing To Seek Restitution*

BCF argues that the TAC fails to establish Mr. Chand's standing to seek restitution recoverable under the UCL in that the TAC seeks recovery for compensatory damages which are not recoverable under the UCL.

California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition." "This provision requires [plaintiff] to show that she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution, *see Birdsong v. Apple, Inc.*, 590 F.3d 955, 959–60 (9th Cir.2009), and also requires a 'causal connection' between [defendant's] alleged UCL violation and her injury in fact, *Hall v. Time Inc.*, 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466, 471–72 (2008)." *Rubio*, 613 F.3d at 1204-1205.

Business and Professions Code section 17203 addresses UCL relief and provides in pertinent part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to **restore to any person in interest any money or property**, real or personal, which may have been acquired by means of such unfair competition. (Bold added.)

"In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999)).

BCF challenges the TAC's lack of facts that Mr. Chand seeks "funds or property in which he has an ownership or vested interest which Defendant wrongfully acquired, i.e., restitutionary relief" in that Mr. Chand "essentially is seeking damages for Defendant's failure to pay him his alleged wages." BCF characterizes Mr. Chand's lost wages as "compensatory damages, not restitution."

BCF's position and citation to *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal.4th 163, 999 P.2d 706 (2000), are curious given *Cortez*' conclusion that an order to pay

wrongfully withheld wages is subject to UCL relief:

> We conclude that orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203. The employer has acquired the money to be paid by means of an unlawful practice that constitutes unfair competition as defined by section 17200. . . . [E]arned wages that are due and payable pursuant to section 200 et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice. An order that earned wages be paid is therefore a restitutionary remedy authorized by the UCL. The order is not one for payment of damages. . . . [W]e also conclude that unlawfully withheld wages are property of the employee within the contemplation of the UCL. Our conclusion [is] that these wages may be the subject of a restitutionary order under section 17203 . . .

*Cortez*, 23 Cal.4th at 177-178, 96 Cal.Rptr.2d 518.

BCF fails to demonstrate that unpaid overtime and meal and rest period premiums are not "unlawfully withheld wages." As such, Mr. Chand has standing to pursue a UCL claim based on sufficiently pled overtime and meal and rest period claims. Based on the TAC and proposed FAC, Mr. Chand's UCL relief is limited to unpaid overtime and meal and rest period premiums. The TAC's UCL claim may be amended in conformance with the proposed FAC.

## **Wage Statement Violations**

The complaint's sixth claim alleges that Mr. Chand received from BCF wage statements which failed to include information required under California Labor Code section 226 and Wage Order 5.

California Labor Code section 226(a) requires an employer to provide pay statements to include, among other things, gross wages earned, total hours worked, applicable effective hourly rates, and the corresponding number of hours worked at each hourly rate.

BCF faults the wage statement claim's lack of facts to support BCF's failure to provide wage statements with information required by Labor Code section 226(a). BCF points to the absence of allegations to identify missing required information and when and how information was omitted from wage statements. BCF notes the absence of facts of alleged injury arising from a violation of Labor Code section 226 to satisfy the statute's reference to an "employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) . . . " *See* Cal. Labor Code, § 226(e).

Mr. Chand claims injury based on inability to determine accurate calculation of his pay.

13

Injuries arising from wage statement violations include "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Elliot v. Spherion Pacific Work, LLC,* 572 F.Supp.2d 1169, 1181 (C.D. Cal. 2008), *aff'd*, 368 Fed.Appx. 761 (9th Cir. 2010).

Mr. Chand offers nothing to support the TAC's (sixth) wage statement claim. He simply appears to concede its deficiencies and requests to amend the claim. The TAC's (sixth) wage statement claim requires amendment and is dismissed with leave to amend in conformance with the proposed FAC.

### **Duplicative Waiting Times Penalties Claim**

The complaint's fourth claim alleges that Mr. Chand "was not properly paid pursuant to the requirements of Labor Code §§ 201-202." The complaint's fifth claim alleges that BCF "willfully failed to pay Plaintiff accrued wages due him promptly upon separation as required by California Labor Code Sections 201-202."

BCF characterizes the fourth and fifth claims to seek "identical relief in the form of waiting time penalties under Labor Code Section 203," subpart (a) of which provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Mr. Chand appears to recognize duplication of claims, and the proposed FAC eliminates the (fifth) waiting time penalties claim, which is dismissed. The complaint's (fourth) California Labor Code sections 201-203 claim may be amended in conformance with the proposed FAC.

### **Striking Erroneous Labor Code Citations**

BCF seeks to strike the TAC's citations to California Labor Code sections 203, 226.3, 558 and 1194 to support claims of BCF's failure to pay wages and penalties.

/ / /

*F.R.Civ.P. 12(f) Motion To Strike Standards*

F.R.Civ.P. 12(f) empowers a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc.*, 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958). An "impertinent" matter is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527.

Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.

*Private Right Of Action*

Determination whether a statute creates a private right of action requires "special attention to whether the Legislature intended to create a private right to sue." *Ruiz v. Paladin Group, Inc.*, 2003 WL 22992077, at *1 (C.D. Cal. 2003); *see Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal.App.4th 121, 123, 62 Cal.Rptr.2d 620 (1997) (describing the "legislative

intent" approach to determining whether a statute creates a private right of action); *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62, 82 Cal.Rptr.2d 442 (1999) ("[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages").

BCF notes that California Labor Code section 226.3 does not provide for a private remedy in that the Labor Commissioner is charged to enforce it ("the Labor Commissioner shall take into consideration . . ."). Mr. Chand agrees to strike reference to California Labor Code section 226.3, and references to that statute are stricken.

BCF asserts that California Labor Code sections 203, 558 and 1194 cannot be violated because they pertain to imposition of penalties and recovery of unpaid minimum wages or overtime. Mr. Chand is unwilling to strike voluntarily reference to California Labor Code sections 203, 558 and 1194 as they "pertain to the recovery of wages and penalties which Plaintiffs [sic] seek as relief."

California Labor Code section 203 permits a "suit" to recover a penalty for untimely paid wages upon employment termination. BCF fails to demonstrate that Mr. Chand is unable to pursue penalties under California Labor Code section 203. *See Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 326, 37 Cal.Rptr.3d 460 (2005) ("we agree that penalties under section 203 must be assessed"). References to California Labor Code section 203 are not stricken.

California Labor Code section 558 imposes on an employer penalties for Labor Code hour and days of work violations. California Labor Code section 558(c) provides: "The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." A fellow district court concluded that California Labor Code section 558 provides no private cause of action: "The comprehensive administrative enforcement scheme, together with the absence of reference to a private right of action, strongly suggests that the Legislature did not intend to create a private right of action under Cal. Labor Code § 558." *Ruiz,* 2003 WL 22992077, at *2. References to California Labor Code section 558 are stricken.

/ / /

California Labor Code section 1194 addresses employee remedies for unpaid overtime and provides that "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  BCF fails to demonstrate that Mr. Chand is unable to pursue California Labor Code section 1194 remedies.  *See Brewer v. Premier Golf Properties,* 168 Cal.App.4th 1243, 1253, n. 8, 86 Cal.Rptr.3d 225 (2008) ("An employee . . . is entitled to recover the amounts unlawfully withheld (§ 1194), plus additional amounts as penalties and liquidated damages where culpable conduct is shown").  References to California Labor Code section 1194 are not subject to striking.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend the TAC's first through fourth and sixth claims subject to amendment in conformance with the proposed FAC, except that references to California Labor Code sections 226.3 and 558 are stricken;

2. DISMISSES the TAC's (fifth) waiting time penalties claim as duplicative;

3. ORDERS Mr. Chand, no later than February 27, 2014, to file and serve his proposed FAC subject to this order's requirements;[2]

4. ADMONISHES Mr. Chand that he will be granted no further opportunities to plead or amend his claims; and

5. ORDERS BCF, no later than March 20, 2014, to file and serve papers to respond to the Mr. Chand's FAC.

IT IS SO ORDERED.

Dated:   **February 24, 2014**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[2] The form of Mr. Chand's filed FAC may eliminate bolding and relining appearing in the proposed FAC but not otherwise deviate from the proposed FAC without this Court's order.